# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CARLTON EUGENE SCOTT § | | |
| (Travis Co. #17-39457) § | | |
| § | | |
| V. § | A-18-CA-121-LY | |
| § | | |
| CONSTABLE ADAN BALLESTEROS, § | | |
| CONSTABLE GUERREO #240, § | | |
| CHIEF DEPUTY DANIEL JOHNSON, § | | |
| SHERIFF SALLY HERNANDEZ, § | | |
| and SGT. SOBER § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. According to Plaintiff, he was arrested by Travis County Constables on October 26, 2017, after engaging in an argument with his wife in a vehicle at an intersection on North Lamar Boulevard. Plaintiff complains the constables falsely arrested him, because Plaintiff's wife told them she did not want to press charges for assault. Plaintiff also

complains Constable Guerreo illegally searched and seized Plaintiff's vehicle and Guerreo did not file an inventory sheet. According to Plaintiff, Guerreo found pills in the car. Plaintiff asserts he explained the pills were either his, his wife's, or his lady friend's.

In addition to complaining about his arrest, Plaintiff complains about the conditions of his confinement in the Travis County Correctional Complex. Plaintiff alleges he has been denied prescription medication for his mental disorder and high blood pressure, he has been discriminated against, he needs more soap, and he was assaulted by another inmate. Plaintiff further alleges, after the inmate-on-inmate assault, Sgt. Wilson locked Plaintiff up in super segregation and he was required to wear a prison uniform with orange and white stripes instead of black and white stripes. Plaintiff contends offenders in orange and white uniforms are subject to discrimination. Plaintiff also asserts he was sexually assaulted by Post Officer Gibbs as the officer was unshackling Plaintiff after he returned from the recreation yard. Specifically, Plaintiff alleges Gibbs pushed him and told him to "get on [your] knees boy." Plaintiff alleges he was denied his one hour of dayroom time the day he was sexually assaulted and "for no apparent reason at all."

Plaintiff sues Constable Adan Ballesteros, Constable Guerreo, Chief Deputy Constable Daniel Johnson, Sheriff Sally Hernandez, and Sgt. Sober. He seeks $3.3 million in damages.

The arrest affidavit filed in Plaintiff's criminal case, Cause No. D-1-DC-17207334, in the 450th Judicial District Court of Travis County provides:

> At approximately 1218 hours, in the 5200 block of Airport Blvd Austin, Texas, Deputies observed a black 2005 Toyota Solara with an active assault occurring inside the vehicle. Deputies observed a female passenger identified as Green . . . attempting to exit the passenger side of the vehicle, as she was being struck with a closed fist, scratched, and pulled forcefully by Scott back into the vehicle. Green had visible injuries on multiple parts of her body, including her arms and neck, and complained of pain from the injuries. Green advised that she has been in a relationship for

2

approximately 10 years. Green stated that they had dated for 3 years, and had been legally married for 7 years.

A Travis County Magistrate Judge found probable cause existed for the issuance of an arrest warrant. Plaintiff was subsequently indicted for "Assault Family/Household Member Prev Conv PC 22.01(b)(2)(A) - F3 Enhanced." The indictment alleged Plaintiff had three previous convictions for family violence offenses under Chapter 22 of the Penal Code. In all three cases, Green was the victim.

## DISCUSSION AND ANALYSIS

### A. Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

### B. False Arrest

"It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of

causation for false arrest, insulating the initiating party." Deville v. Marcantel, 567 F.3d 156, 170 (5th Cir. 2009) (citing Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994), overruled on other grounds by Castellano v. Fragozo, 352 F.3d 939, 949 (5th Cir. 2003) (en banc)). "[T]he initiating party may be liable for false arrest," however, "if the plaintiff shows that the 'deliberations of that intermediary were in some way tainted by the actions of the defendant.'" Id. (quoting Hand v. Gary, 838 F.2d 1420, 1428 (5th Cir. 1988)). But, "because the intermediary's deliberations protect even officers with malicious intent," a plaintiff must show that the official's malicious motive led the official to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission. Buehler v. City of Austin/Austin Police Dep't., 824 F.3d 548, 555 (5th Cir. 2016) (citing Hand, 838 F.2d at 1427).

Viewing Plaintiff's allegations in a light most favorable to Plaintiff and drawing all appropriate inferences, Plaintiff's complaint does not plead facts supporting the taint exception sufficient to survive summary dismissal. Plaintiff mistakenly contends he was falsely arrested, because he wife told the constables she did not want to press charges.

### C. Vehicle Search

"The police may seize a car from a public place without a warrant when they have probable cause to believe that the car itself is an instrument or evidence of crime." United States v. Cooper, 949 F.2d 737, 747 (5th Cir. 1991)). "Police may make a warrantless inventory search of a legitimately seized car, as long as the inventory search is conducted according to established procedures of the searching police department." Id. at 748.

Probable cause exists when the facts within the officer's knowledge and the facts of which he has reasonably reliable information would be sufficient to believe that the suspect was committing

4

or had committed an offense. United States v. Morris, 477 F.2d 657, 663 (5th Cir. 1973). In deciding whether probable cause exists, police officers are not required to be perfect, nor do they have to err on the side of caution "out of fear of being sued." Martin v. Thomas, 973 F.2d 449, 453 (5th Cir. 1992). The court examines the totality of the circumstances to decide "whether there is a 'fair probability' that a crime occurred." United States v. Garcia, 179 F.3d 265, 269 (5th Cir. 1999) (citations omitted). A "requisite 'fair probability' is something more than a bare suspicion, but need not reach the fifty percent mark." Id.

As mentioned above, a Travis County Magistrate Judge determined that probable cause existed for the issuance of an arrest warrant. Plaintiff appears to allege his vehicle was subject to an inventory search after his arrest but before it was towed. However, Plaintiff does not allege the inventory search was not conducted according to established procedures of the searching police department. Rather, he complains the inventory sheet was not filed. Plaintiff's allegations are insufficient to establish a valid constitutional claim regarding the search and seizure of his vehicle.

D. Supervisory Liability

Section 1983 provides a cause of action against any person who deprives another of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. To make a sufficient claim, a plaintiff "must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 874 (5th Cir. 2000). The plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Anderson v. Pasadena Indep. Sch. Dist., 184 F.3d 439, 443 (5th Cir. 1999).

Plaintiff does not allege Sheriff Hernandez or Sgt. Sober was personally involved in the alleged constitutional violations. Supervisory officials cannot be held vicariously liable under Section 1983 solely on the basis of their employer-employee relationship. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 693 (1978); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he or she may only be held liable if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Thompkins v. Belt, 828 F.2d 298, 303–04 (5th Cir. 1987). Plaintiff fails to allege a causal connection.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 5th day of April, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE